FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 31, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BENJAMIN THEODORE STUCKART,<br>JUSTICE FORRAL,<br>MIKKI PIKE HATFIELD,<br>ERIN NICOLE LANG,<br>COLLIN JAMES MUNCEY,<br>THALIA MARIE RAMIREZ,<br>BOBBI LEE SILVA,<br>BAJUN DHUNJISHA MAVALWALLA II, and,<br>JAC DALITSO ARCHER,<br><br>　　　　Defendants. | No. 2:25-CR-00113-RLP-1, 2, 3, 4, 5, 6, 7, 8, 9<br><br>ORDER GRANTING PROTECTIVE ORDER IN PART |

Before the Court is the United States' motion for a protective order, ECF No. 140. The government requests that federal agency materials in the Possession of the United States and maintained in a federal government system of records be

ORDER GRANTING PROTECTIVE ORDER IN PART * 1

subject to a protective order governing discovery. Defendants do not object to the motion.

The Court largely finds good cause pursuant to Fed. R. Crim. P. 16(d)(1) to enter the requested protective order. However, paragraph 5 of the government's order anticipates that any written reference to the content of protected discovery be filed under seal.  The Court reminds the parties the public has a right to access criminal proceedings, and to inspect public records related to judicial proceedings. *Globe Newspaper Co. v. Super. Ct. for Norfolk County*, 457 U.S. 596, 606, 102 S.Ct. 2613 (1982); *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597, 98 S.Ct. 1306 (1978). The Court will not grant permission for a filing to be made under seal unless the requesting party makes an individualized demonstration that (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017).

**IT IS ORDERED:**

1. The Government's Unopposed Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information, **ECF No. 140**, is **GRANTED in part and DENIED in part**.

ORDER GRANTING PROTECTIVE ORDER IN PART * 2

2.      The United States will provide the covered discovery materials on an ongoing basis to defense counsel.

3.      Counsel of record shall hold these materials in strict confidence, disclosing this information to their clients, office staff, investigators, and/or witnesses (including any experts) only to the extent they believe is necessary to assist in the defense of this matter.

4.      Defense counsel shall not provide original or copies of any covered discovery materials to the defendants.

5.      Defense counsel shall not otherwise provide original or copies of the discovery material to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel or investigator and/or expert engaged by defense counsel who will also be bound by the terms and conditions of the Protective Order. Counsel of record shall further advise any person to whom the discovery materials are disclosed that, pursuant to the attached Protective Order, the information must be held in strict confidence and the recipient may not further disclose or disseminate the information.

6.      The United States, defense counsel, and witnesses may reference the existence and content of sealed/protected discovery material in open and closed Court proceedings relevant to this case. However, prior to filing any written reference to the content of protected discovery, counsel shall engage in a meet and

ORDER GRANTING PROTECTIVE ORDER IN PART * 3

confer process. During the meet and confer process, counsel seeking to file protected discovery shall notify all other counsel of the plan to file protected material. If counsel for any party (including counsel for the party seeking to file the protected material) claims believes that the protected discovery should be filed under seal, then the material shall be filed as proposed sealed documents. Counsel for the party seeking to seal the protected material shall then file a motion to seal, along with legal authority addressing the applicable standard for sealing court documents, as set forth in the opening paragraph of this Order.

7. Any covered items provided to a defendant and defense counsel pursuant to the above provisions, must be returned to the United States or destroyed at the conclusion of the trial, sentencing, or appeal, whichever is later.

8. United States personnel and counsel for defendants shall promptly report to the Court any known violations of this Order.

9. A defendant may seek relief from the Protective Order at any point during the proceedings.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to all counsel.

DATED July 31, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PROTECTIVE ORDER IN PART * 4